{¶ 44} I concur in the majority's analysis and disposition of appellant's first assignment of error with respect to its finding the trial court lacked jurisdiction to divide the parties' marital assets and property. However, I respectfully dissent from the majority's decision not to also vacate the trial court's decision regarding spousal support.
 {¶ 45} In establishing a spousal support order, R.C. 3105.18
states, in pertinent part:
 {¶ 46} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 47} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;"
 {¶ 48} Because the equitable division of property is a statutorily recognized factor in determining spousal support, that interdependence precludes the trial court from setting a final spousal support order during the pendency of the bankruptcy proceeding, absent obtaining leave from the bankruptcy court. Nevertheless, it should be noted, the trial court clearly has jurisdiction to issue a temporary spousal support order during the pendency of the bankruptcy proceeding regardless of whether leave is sought or granted by the bankruptcy court.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed, in part, vacated and reversed with respect to the division of marital property, and remanded for further proceedings consistent with this opinion. Costs assessed to 50% to appellant and 50% to appellee.